## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **HARDIGREW BRIDGER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 3:22-CV-1834-MAB** |
| | ) | |
| **AMGUARD INSURANCE COMPANY** | ) | |
| **d/b/a BERKSHIRE HATHAWAY** | ) | |
| **GAURAD INSURANCE COMPANIES,** | ) | |
| | | |
| **Defendant.** | | |

### MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is currently before the Court on the motion to dismiss filed by Defendant Amguard Insurance company d/b/a Berkshire Hathaway Guard Insurance Companies ("Amguard") (Doc. 3). For the reasons explained below, the motion is granted. Plaintiff will be given leave to file an amended complaint consistent with the ensuing Memorandum and Order.

### BACKGROUND

Plaintiff Hardigrew Bridger filed an amended complaint against his insurer, Amguard, on March 25, 2022, in the Circuit Court of Madison County, Illinois (Doc. 1-2). The amended complaint contains two counts (Doc. 1-2). In Count I, Bridger states that the sole claim in his original complaint has been rendered moot because Amguard paid the disputed property loss claim (Doc. 1-2). Count II advances a new claim for vexatious and unreasonable delays in payment under 215 ILL. COMP. STAT. 5/155 (Doc. 1-2). On

August 11, 2022, Amguard timely removed the case to federal court (Doc. 1-1).

Amguard also filed a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) in this Court on August 11, 2022 (Docs. 3, 4). Forty-six days later, on September 26, 2022, Bridger filed a response to the motion (Doc. 15). On the same day, he filed a second amended complaint, which the Court struck for failure to seek leave to amend, *see* Fed. R. Civ. P. 15(a)(2), and failure to plead the citizenship of two defendants that he sought to add, *see* 28 U.S.C. § 1332(a) (Docs. 13, 17). On November 7, 2022, Bridger moved to file a second amended complaint (Doc. 19). On November 28, 2022, the Court denied the motion without prejudice because Bridger had again failed to properly plead the citizenship of the two defendants he sought to add (Doc. 22). To date, Bridger has submitted no additional filings.

## DISCUSSION

A motion to dismiss under Rule 12(b)(6) addresses the legal sufficiency of the plaintiff's claim for relief, not the merits of the case or whether the plaintiff will ultimately prevail. *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In reviewing a motion to dismiss, the court accepts all well-pleaded facts as true and draws all reasonable inferences in the plaintiff's favor. *E.g.*, *Burger v. Cty. of Macon*, 942 F.3d 372, 374 (7th Cir. 2019) (citation omitted). The complaint must contain sufficient factual information "'to state a claim to relief that is plausible on its face,'" meaning the court can reasonably infer that the defendant is liable for the alleged misconduct. *Burger*, 942 F.3d at 374 (citing *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009)*); Camasta*, 761 F.3d at 736 (*quoting Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 570 (2007)).

### A. The Complaint

The Complaint alleges Bridger had a home insurance policy with Amguard that was in effect at the time of a December 30, 2020, fire at Bridger's residence (Doc. 1-2, ¶ 4). A dispute arose over the claim (Doc. 1-2, ¶¶ 1, 55-59). On September 3, 2021, Bridger's public insurance adjuster sent a demand to an Amguard representative to appoint an appraiser within 20 days so that the value of the property at issue could be determined in accordance with the policy's "Appraisal Clause" (Doc. 1-2, ¶¶ 1, 10). He did not receive a response (Doc. 1-2, ¶ 1). On September 10, 2021, an Amguard claims representative sent Bridger a response, but did not nominate a candidate for the appraisal, nor offer to settle or pay the claim (Doc. 1-2, ¶ 2). On September 24, 2021, Bridger filed a complaint in the Circuit Court of Madison County alleging that Amguard breached the Appraisal Clause and seeking judicial appointment of an Amguard appraiser and an appraisal umpire (Doc. 1-2, ¶ 3).

Shortly after receiving a copy of the complaint, an Amguard representative contacted Bridger's public insurance adjuster and paid Bridger $338,504.59, which was the amount claimed in the "Sworn Statement in Proof of [l]oss" and included "all due contractual indemnity" (Doc. 1-2, ¶¶ 33, 49). Bridger then filed his amended complaint. In it, he declares that Count I, in which he alleges that Amguard breached the Appraisal Clause and sought judicial appointment of an Amguard appraiser and an appraisal umpire, is now moot (Doc. 1-2, Count I), and he adds Count II, in which he seeks damages

for vexatious and unreasonable delay in paying the claim, in accordance with 215 ILL. COMP. STAT. 5/155 (Doc. 1-2, Count II). Count II alleges that Amguard has refused to pay the remaining $193,518.95 owed to Bridger under section 5/155, and that "having previously made the $338,504.59 payments on this loss, all that remains is for [Amguard] to pay . . . the amounts claimed under Count II 5/155" (Doc. 1-2, ¶¶ 52-53). In Count II, Bridger also cites *Green v. Int'l Ins. Co.*, 605 N.E.2d 1125 (Ill. App. Ct. 1992), alleging that payment of benefits under a policy at the "11th hour 59th minute" before an insured files suit "does not render [the insurer] not liable" under section 5/155 (Doc. 1-2, ¶ 34).

### B. Count II: Vexatious and Unreasonable Delays

Amguard argues that Count II must be dismissed because, under Illinois law, Bridger cannot sustain a cause of action under section 5/155 without also maintaining a breach of contract claim to recover the proceeds due under the policy. Bridger has admitted that his breach of contract claim was rendered moot by Amguard's payment of the full contractual amount due to Bridger. Therefore, according to Amguard, Bridger's vexatious refusal to pay claim must be dismissed. In response, Bridger argues, as relevant, that although Amguard has paid "basic indemnity" under the Dwelling and Contents coverage categories of the policy, he is still entitled to taxable costs, pre-judgment interest, and taxable court costs and service fees under section 5/155.[1]

Under Illinois law, a section 155 claim is dependent on a successful breach of

---

[1] Bridger also accuses Amguard of making an "end run" around his counsel by sending a check directly to his public adjuster (Doc. 15.) Bridger cites no law in support of the proposition that an insurer may not settle directly with the insured. Moreover, the issue has no bearing on the sufficiency of Bridger's amended complaint.

contract action. *Kroutil v. State Farm Mut. Auto. Ins. Co.*, 195 N.E.3d 376, 382 (Ill. App. Ct. 2021); *see also Cramer v. Ins. Exch. Agency*, 675 N.E.2d 897, 902 (Ill. 1996) (section 5/155 presupposes an action on the insurance policy). In *Kroutil*, the plaintiff's uninsured motorist claim was settled in arbitration after she filed suit. 195 N.E.3d at 381. She then filed an amended complaint in which she removed her breach of contract claim and pursued a section 5/155 claim for statutory damages. *Id.* The appellate court affirmed the trial court's dismissal of the plaintiff's section 155 claim because the plaintiff failed to advance a breach of contract claim under the policy in her amended complaint. *Id.* at 382. Similarly, in *Hoover v. Country Mut. Ins. Co.*, the appellate court affirmed the circuit court's dismissal of the plaintiffs' section 155 claim because the plaintiff's breach of contract action against their insurer was time barred. 975 N.E.2d 638, 651 (Ill. App. Ct. 2012).

Here, Bridger's amended complaint does not include the allegations necessary for a breach of contract action. To succeed on a breach of contract claim, a plaintiff must plead (1) the existence of a valid and enforceable contract, (2) substantial performance by the plaintiff, (3) breach by the defendant, and (4) damages caused by that breach. *Babbitt Municipalities, Inc. v. Health Care Service Corp.*, 64 N.E.3d 1178, 1186 (Ill. App. Ct. 2016). In his amended complaint, Bridger alleges damages related only to the vexatious and delayed payment of the amount due under the contract, under section 5/155. To the extent he advanced or attempted to advance a breach of contract claim under Count I, he states that the claim is moot.

In reviewing the record, the Court notes that Bridger cites to *Green* in the amended complaint in connection with an allegation that an insurer can still be liable under section

5/155 even if the insurer settles the coverage dispute at the last minute. However, *Green* is inapposite to the issue here. The plaintiff in *Green* never received the full amount due under the contract and maintained throughout its suit that the defendant had breached the contract. 605 N.E.2d at 1127-29. The appellate court similarly reversed the trial court's grant of summary judgment based on its finding that a jury could conclude the defendant had breached in contractual obligations. *See id.* at 1129-30 (Ill. App. Ct. 1992) ("Plaintiff contends, and we agree, that simply submitting to the appraisal process did not extinguish International's contractual obligation.") Accordingly, Bridger's reliance on *Green* is misplaced and not helpful to his position.

In sum, Bridger has not pursued a viable breach of contract claim in his amended complaint, and therefore his section 5/155 claim must be dismissed.

### CONCLUSION

Defendant Amguard Insurance Company d/b/a Berkshire Hathaway Guard Insurance Companies' motion to dismiss (Doc. 3) is **GRANTED**. The amended complaint is **DISMISSED without prejudice**. Plaintiff Hardigrew Bridger is **GRANTED** leave to file an amended complaint consistent with this Memorandum and Order. Bridger has until March 31, 2023 to file an amended complaint.

If Bridger fails to file an amended complaint on or before March 31, 2023, the dismissal will convert into a dismissal with prejudice, and the entire case will be dismissed with prejudice and judgment will enter accordingly.

**IT IS SO ORDERED.**

**DATED: March 10, 2023**

s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**